IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROSHUN LARON COLUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-12-561-HE |
| v. | ) | |
| | ) | |
| BILL WINCHESTER, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

On May 16, 2012, Plaintiff, appearing *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action against Defendant Winchester, the Sheriff of the Garfield County Detention Center where Plaintiff is being detained. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Before the undersigned is Plaintiff's "Motion for Mental Incomrency [sic] Claim" (Doc. # 6) filed May 29, 2012. In this Motion, Plaintiff states that on April 9, 2012, he entered a guilty plea to charges of robbery in the first degree and assault and battery with a dangerous weapon and that for these convictions he has been sentenced to a term of 30 years of imprisonment, partially suspended, and a concurrent term of 10 years of imprisonment, respectively. Plaintiff requests that the Court enter an order directing Defendant not to transfer Plaintiff from the Garfield County Detention Center but also

requests that the Court enter an order directing Defendant to transfer Plaintiff "to a mental institution so that the Plaintiff may be fully examined by a psychiatrist." Plaintiff's Motion is generously construed as a request for a preliminary injunction and/or temporary restraining order.

To obtain a preliminary injunction, Plaintiff must establish that four factors weigh in his favor: "(1) [he] is substantially likely to succeed on the merits; (2) [he] will suffer irreparable injury if the injunction is denied; (3) [his] threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest." Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC, 562 F.3d 1067, 1070 (10th Cir. 2009); *see also* Fed.R.Civ.P. 65; Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." Greater Yellowstone Coal. v. Flowers, 321 F.3d 1250, 1256 (10th Cir. 2003). Moreover, the purpose of a preliminary injunction is to "preserve the relative positions of the parties until a trial on the merits can be held," Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981), and, therefore, "injunctions that disrupt the status quo are disfavored and must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." Beltronics, 562 F.3d at 1070 (quotation omitted). A preliminary injunction "grant[s] intermediate relief of the same character as that which may be granted finally." De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945). When the movant seeks intermediate relief beyond the claims in the complaint, the court has no authority to enter a

preliminary injunction.

Giving a generous construction to the allegations in the *pro se* Complaint, Plaintiff alleges that Defendant Winchester was deliberately indifferent to Plaintiff's health and safety needs during Plaintiff's detention in the Garfield County Detention Center. A portion of the Complaint contains the hand-written statements of another inmate. This inmate's statements concenring his personal observations of Plaintiff are improperly included in the Complaint and are not considered by the Court. Plaintiff's Motion, which requests that the Court mandate particular actions be taken by Defendant not related to the claims asserted in the Complaint and which fails to demonstrate Plaintiff is entitled to a preliminary injunction and/or temporary restraining order, should be denied.

RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's "Motion for Mental Incomrency [sic] Claim" (Doc. # 6) be DENIED. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by __July 10th__, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation does not dispose of the issues referred to the

undersigned Magistrate Judge in the captioned matter.

ENTERED this ___21st___ day of ___June___, 2012.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE