**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ROSHUN LARON COLUM, )<br>)<br>  Plaintiff, )<br>vs. )<br>)<br>BILL WINCHESTER, )<br>)<br>  Defendant. ) | Case No. CIV-12-0561-HE |

## ORDER

Plaintiff Roshun Colum, a state prisoner appearing *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983 against defendant Bill Winchester, Garfield County Sheriff. Presently before the court is plaintiff's motion for an order directing the Garfield County jail to transfer plaintiff to a mental hospital. Consistent with 28 U.S.C. § 636(b)(1)(B), this matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell. Judge Purcell has recommended that the motion be denied because it requests relief not fairly raised by the complaint and otherwise fails to show that plaintiff is entitled to a preliminary injunction. Mr. Colum has filed an objection to the report and recommendation. After conducting a de novo review of the issues to which plaintiff has objected, the court agrees plaintiff's motion should be denied.

In reaching his conclusion that plaintiff has requested relief not related to the claims identified in the complaint, the magistrate judge determined that a portion of the complaint which contained the alleged observations of plaintiff's cellmate should be disregarded. *See* Report and Recommendation at 3 [Doc. #9]. While the court has some hesitation about disregarding the cellmate's comments altogether, as they are part of a pleading signed by

plaintiff and in light of his *pro se* status, it is unnecessary to belabor that question as plaintiff does not otherwise show a basis for a preliminary injunction.

To obtain a preliminary injunction, plaintiff must show that: 1) he is substantially likely to succeed on the merits of his claim; 2) he will suffer irreparable injury if the injunction is not issued; 3) the balance of harms tips in his favor; and 4) the requested injunction is not against the public interest. *See* Awad v. Ziriax, 670 F.3d 1111, 1125 (10th Cir. 2012). Additionally, because he seeks to compel defendant's action instead of simply preserving the status quo, plaintiff must make a "strong showing" as to both his likelihood of success on the merits and the balance of harms. *See id.* (quotation omitted). Plaintiff's submissions fall far short of the required "strong showing." Moreover, as plaintiff is now in a state correctional facility rather than the Garfield County jail,[1] a process which ordinarily involves further screening of a prisoner prior to assignment to a particular facility, plaintiff's (or his cellmate's) request for access to mental health screening may well be moot.

For these reasons, the report and recommendation [Doc. #9] is **ADOPTED.** Plaintiff's motion for a mandatory injunction [Doc. #6] is **DENIED**.

---

[1] The Department of Corrections website indicates plaintiff is now at the Lawton Correctional Facility, Lawton, Oklahoma.

**IT IS SO ORDERED**.

Dated this 21st day of August, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE