IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROSHUN LARON COLUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )   CIV-12-561-HE |
| | ) |
| | ) |
| BILL WINCHESTER, | ) |
| | ) |
| Defendant. | ) |

SUPPLEMENTAL REPORT AND RECOMMENDATION

On May 16, 2012, Plaintiff, a pretrial detainee appearing *pro se* and *in forma pauperis*, brought this civil rights action pursuant to 42 U.S.C. § 1983. Giving a generous construction to the allegations in the *pro se* Complaint, Plaintiff alleges that Defendant Winchester, in his capacity as the Sheriff of the Garfield County Detention Center, was deliberately indifferent to Plaintiff's health and safety needs during Plaintiff's detention in the Garfield County Detention Center.[1]  Specifically, Plaintiff contends that he had a "disagreement" with another detainee, that he had requested to be moved to another section

---

[1] A portion of the Complaint contains the handwritten statements of another inmate. This inmate's statements concerning his personal observations of Plaintiff are improperly included in the Complaint and are not considered by the Court.

1

of the detention center, and that without any warning the other detainee "swung [at Plaintiff] and broke [Plaintiff's] nose." Complaint, at 3. Plaintiff further alleges that he received medical treatment consisting only of an "ice pack" following the altercation despite his suffering headaches, "running eye," nose bleeds, and loose teeth as a result of the altercation.

On September 7, 2012, Defendant Winchester moved to dismiss the cause of action against him pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. (Doc. # 22). Defendant Winchester also filed a special report (Doc. # 23) consistent with Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978), and in compliance with the Order entered June 22, 2012. Plaintiff was advised of his obligations under Fed.R.Civ.P. 12(b)(6) and 56 in responding to the motion and given until October 1, 2012, to file a responsive pleading. (Doc. # 25). However, this Order was returned to the Court Clerk marked "not deliverable as addressed" and "unable to forward." (Doc. # 27). On October 17, 2012, Defendant Winchester moved for an order of confession of Defendant's Motion to Dismiss. (Doc. # 28). Plaintiff has not responded to this Motion.

The procedural rules of this Court allow the Court to deem a dispositive motion confessed in the Court's discretion if no response to the motion is filed within 21 days. LCvR 7.1(g). However, in this circuit "a district court may not grant a motion to dismiss for failure to state a claim merely because a party failed to file a response." Issa v. Comp USA, 354 F.3d 1174, 1177 (10th Cir. 2003)(quotation marks and brackets omitted). "[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether

the plaintiff has stated a claim upon which relief can be granted." Id. at 1178. With these guidelines in mind, the undersigned declines to dismiss the action solely due to Plaintiff's failure to respond to Defendant Winchester's dispositive motion and will undertake a review of the sufficiency of the Complaint.

A motion to dismiss may be granted when the plaintiff has "failed to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). All well-pleaded facts, as distinguished from conclusory allegations, are accepted as true, and those facts are viewed in the light most favorable to the non-moving party. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005). To survive a motion to dismiss, a complaint must present factual allegations that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). This review contemplates the assertion of "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Thus, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). See Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997)(courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a

plaintiff's behalf"). A court evaluating a Rule 12(b)(6) motion to dismiss may consider the complaint as well as any documents attached to it as exhibits. Hall, 935 F.2d at 1112.

I. Individual Capacity

Defendant Winchester seeks the dismissal of Plaintiff's cause of action against him in his individual capacity due to Plaintiff's failure to allege the requisite personal participation of Defendant Winchester. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court reiterated that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Id. at 676 (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). The Court further declared that "[b]ecause vicarious liability is inapplicable to . . .§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. Thus, a government official "is only liable for his or her own misconduct." Id. at 677. Nevertheless, despite Iqbal, a defendant-supervisor may be held liable under § 1983 if the defendant-supervisor "creates, promulgates, implements, or in some way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which 'subjects, or causes to be subjected' th[e] plaintiff 'to the deprivation of any rights . . . secured by the Constitution.'" Dodds v. Richardson, 614 F.3d 1185, 1199 (quoting 42 U.S.C. § 1983), cert. denied, __ U.S. __, 131 S.Ct. 2150 (2011). "A plaintiff may therefore succeed in a § 1983 suit against a defendant-supervisor by demonstrating: (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2)

caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." Id. at 1200.

In his Complaint, Plaintiff alleges that unidentified detention center "guards" failed to follow a "rule" in the detention center that detainees who have a disagreement are not allowed to have recreation at the same time and that this failure resulted in his fractured nose at the hands of another detainee.  Because Plaintiff has not identified a policy promulgated, created, or implemented by Defendant Winchester or that Defendant Winchester possessed responsibility for the continued operation of a policy and Plaintiff has not alleged that the policy caused his injuries, Plaintiff has failed to state a viable claim for § 1983 relief against Defendant Winchester.  In fact, Plaintiff has alleged no connection at all between Defendant Winchester and his alleged injuries or the failure to provide him with adequate medical treatment for his alleged injuries.

Accordingly, even considering as true the allegations in the Complaint, Plaintiff has failed to state a claim for relief under § 1983 as to Defendant Winchester.  Therefore, Defendant Winchester's Motion to Dismiss Plaintiff's claims against him in his individual capacity should be granted pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.

II. Official Capacity

Defendant Winchester seeks the dismissal of Plaintiff's claims against him in his official capacity.  In Plaintiff's Complaint, however, Plaintiff seeks only compensatory damages against Defendant Winchester. (Doc. # 1, at 10).  Because he has not alleged that

Defendant Winchester is liable to Plaintiff in his official capacity or sought injunctive relief, the Complaint cannot be construed to assert a cause of action against Defendant Winchester in his official capacity. See Brown v. Montoya, 662 F.3d 1152, 1161 n. 5 (10th Cir. 2011)("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief.")(citing Hafer v. Melo, 502 U.S. 21, 30, 27 (1991)).

Construing Plaintiff's Complaint as one seeking damages from Defendant Winchester in his official capacity, the Complaint fails to state a viable § 1983 claim upon which relief may be granted. In Hafer, 502 U.S. 21, 27, the Supreme Court explained that "[s]tate officers sued for damages in their official capacity are not 'persons' for purposes of the [§ 1983] suit because they assume the identity of the government that employs them." Accordingly, Defendant Winchester's Motion to Dismiss Plaintiff's claims against him in his official capacity, assuming the Complaint can be so construed, should be granted pursuant to Fed.R.Civ.P. 12(b)(6).

Because "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings," Hall v. Bellmon, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991), dismissal of a *pro se* litigant's complaint for failure to state a claim "is appropriate only where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [him] an opportunity to amend [his] complaint would be futile." Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997)(quotation omitted). See Grossman v. Novell, Inc., 120 F.3d 1112, 1126 (10th Cir. 1997)("Although Fed.R.Civ.P. 15(a) provides that leave to amend shall

be given freely, the trial court may deny leave to amend where amendment would be futile."). In this case, Plaintiff has not requested leave to amend his Complaint or even responded to the Motion to Dismiss. In the absence of any facts indicating that Plaintiff could, given leave to amend, cure the defects in his Complaint in order to state a claim for § 1983 relief against Defendant Winchester, the Court should not grant Plaintiff leave to amend his Complaint, although the action should be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendant Winchester's Motion to Dismiss (Doc. # 22) be GRANTED and that Plaintiff's cause of action be DISMISSED without prejudice pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff is advised of the right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ___November 26th___, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___6th___ day of ___November___, 2012.

*[signature]*

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE